UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LAVON LEE BROWN,                                                                                         Plaintiff,

v.                                                                        Civil Action No. 3:18-cv-P516-DJH

CSS *et al.*,                                                                                      Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Lavon Lee Brown filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action upon screening.

## **I.**

Plaintiff, identifying himself as a pretrial detainee at the Louisville Metro Department of Corrections (LMDC), sues "CSS," whom he states provides medical services for LMDC, and D. Harvey, whom he states is an LMDC officer. Plaintiff sues Defendant Harvey in his official capacity only.

Plaintiff states that he was booked into LMDC on July 21, 2018. He asserts that he was called "to get vitals done" and did everything he was told to do. He maintains that he was told to go back and sit down. Plaintiff then states the following:

> As I stood I felt myself stumble a little and didn't feel too well so I locked myself in the single cell so I wouldn't bring harm to anyone in the room or to myself. I told D. Harvey that my body was numb and I was high off something I never took before so I need de-tox he then made a mockery of me said I was lying and later had my window covered with a bag. I was yelling, kicking, screaming. I couldn't control my actions at all it was the drug effects I thought I was going to die in the cell I was in.

Plaintiff maintains that the cell was twenty degrees and that "the floor was wet with urine that was not mine." He continues, "I kept screaming for help but no one heard me I wanted medical attention but never received none they left me in the cell I put myself in for 24 hours in those conditions." Plaintiff states that he had "no mattress, no soap, no food, it was dirty and cold and I just wanted to die in there I wanted to kill myself cause it felt like that's what they were trying to do to me." He asserts, "I was neglected my right to live in a clean envirnment was neglected and medical attention I never received. Medical never stepped in and ask me of my wishes either."

As relief, Plaintiff seeks punitive damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as

2

true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### *A. Defendant CSS*

Plaintiff sues Defendant CSS, which the Court presumes is a private entity which has contracted with LMDC to provide medical care to inmates. The Sixth Circuit has held that the analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a

3

private corporation such as Defendant.[1]  *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.").  "[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691.  A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Id*.  Thus, liability of a contracted private entity must be based on a policy or custom of the entity.  *Street v. Corr. Corp. of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

To state a claim, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983.  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

---

[1] "It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)).

In the instant case, Plaintiff alleges no policy or custom on the part of Defendant CSS that caused his alleged injuries. The complaint alleges an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Accordingly, Plaintiff's claim against Defendant CSS will be dismissed for failure to state a claim upon which relief may be granted.

### *B. Defendant Harvey*

Plaintiff also sues Defendant Harvey in his official capacity only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell*, 436 U.S. at 690 n.55). Suing an employee in his official capacity is the equivalent of suing his employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Therefore, the Court construes Plaintiff's official-capacity claim against Defendant Harvey as brought against his employer, Louisville Metro Government.

Under the same analysis the Court applied to Plaintiff's claim against Defendant CSS, the Court finds that Plaintiff does not allege a custom or policy on the part of Louisville Metro Government that caused his alleged injuries. Accordingly, Plaintiff's official-capacity claim against Defendant Harvey will be dismissed for failure to state a claim upon which relief may be granted.

The Court notes that had Plaintiff sued Defendant Harvey in his individual capacity, the claim would still be subject to dismissal. To establish an Eighth Amendment/Fourteenth

5

Amendment[2] violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004)). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn by Parks v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "A prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003)

---

[2] The Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, and the Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016)). "The Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id*. (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)). At this time, the Sixth Circuit has recognized only one explicit exception to the general rule that rights under the Eighth Amendment are analogous to rights under the Fourteenth Amendment. This exception applies only to excessive-force claims brought by pretrial detainees. *Id*. at 938 n.3 (noting that *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), abrogated the subjective-intent requirement for Fourteenth Amendment excessive-force claims and that the standard which governs claims by pretrial detainees may be shifting, but declining to apply the *Kingsley* standard to a claim of deliberate indifference to a serious medical need brought by a pretrial detainee); *see also Walker v. Miller*, No. 18-3209, 2018 U.S. App. LEXIS 29348, at *3 (6th Cir. Oct. 17, 2018) (continuing to apply the traditional standard to a deliberate-indifference-to-a-serious-medical-need claim brought by a pretrial detainee). Therefore, the Court concludes that the Eighth Amendment's deliberate-indifference standard still applies to Plaintiff's claims regarding his medical treatment and the conditions of his confinement.

(citing *Farmer v. Brennan*, 511 U.S. at 837-47).

Plaintiff states that he felt himself stumble; "didn't feel too well"; was numb; was "high"; and "thought he was going to die." However, Plaintiff fails to describe any specific physical ailment or symptom to support his conclusory allegation that he required medical treatment. *See Preyor v. City of Ferndale*, 248 F. App'x 636, 642 (6th Cir. 2007) (holding that a serious medical need was demonstrated where the detainee, a diabetic who was undergoing heroin withdrawal, vomited, suffered bouts of diarrhea, and was seen lying on the cell floor). Nor does Plaintiff describe any ongoing medical problem or claim that he was denied medical treatment after the 24-hour period he was locked in the cell. Moreover, Plaintiff states that his vital signs were checked when he was booked into LMDC. Therefore, it is evident that the medical staff did not recognize a serious medical need warranting treatment.

"[A] pretrial detainee's generalized state of intoxication, without more, is insufficient to establish a serious medical need or an officer's deliberate indifference to a substantial risk of serious harm to a detainee." *Border v. Trumbull Cty. Bd. of Comm'rs*, 414 F. App'x 831, 837 (6th Cir. 2011). The Court finds that Plaintiff's allegations lack sufficient factual support to establish a "sufficiently serious medical need" under *Iqbal*. *See Gallant v. Ahmed*, No. 17-3511, 2018 U.S. App. LEXIS 8550, at *8 (6th Cir. Apr. 3, 2018) (holding that conclusory allegations of a serious medical need are not sufficient to establish the objective component of a deliberate-indifference claim); *Pizarro v. N.Y.C. Health & Hosp.*, No. 16-cv-5720 (KBF), 2018 U.S. Dist. LEXIS 73440, at *10 n.4 (S.D.N.Y. May 1, 2018) ("Without more information regarding the nature of plaintiff's medical condition (which he does not describe) or the symptoms that he suffered on the day in question (which he does not sufficiently detail), plaintiff's claim of 'sufficiently serious' medical need lacks facial plausibility under *Iqbal* and *Twombly*."); *Jones v.*

*Ford*, No. 3:15 CV 0082, 2015 U.S. Dist. LEXIS 69728, at *5 (N.D. Ohio May 29, 2015) (finding that Plaintiff's allegations that he was "having breathing problems" were vague and purely conclusory and insufficient to demonstrate a serious medical need). Therefore, Plaintiff's allegations that he was denied medical care fail to state a constitutional claim.

With regard to Plaintiff's allegations concerning the conditions of his confinement, "[e]xtreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). The length of confinement is important in determining whether conditions of confinement meet constitutional standards. *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("[T]he length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards. A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."); *Metcalf v. Veita*, No. 97–1691, 1998 U.S. App. LEXIS 18266, at *5 (6th Cir. Aug. 3, 1998) (holding that an eight-day denial of showers, trash removal, cleaning, and laundry did not result in serious pain or offend contemporary standards of decency under the Eighth Amendment); *Whitnack v. Douglas Cty.*, 16 F.3d 954, 958 (8th Cir. 1994) (deplorably filthy and patently offensive cell with excrement and vomit not unconstitutional because conditions lasted only for 24 hours). Plaintiff states that he was locked in the cell for 24 hours. Although the conditions alleged were unsanitary and unpleasant, the short duration leads the Court to conclude that the conditions of confinement do not rise to the level of a constitutional violation.

Accordingly, even if Plaintiff had sued Defendant Harvey in his individual capacity, the claim would still be subject to dismissal for failure to state a claim upon which relief may be granted.

For the foregoing reasons, the Court will enter a separate Order of dismissal.

Date: January 15, 2019

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Defendants
Jefferson County Attorney
4415.010